UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:04 CR 557 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| ANDRE A. PONDER, | ) | |
| Defendant | ) | ORDER |

Currently pending before the court is Defendant Andre A. Ponder's ("Defendant" or "Andre") Motion to Suppress (ECF No. 14.) Defendant was indicted on one count of being a convicted felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). The court referred this case to Magistrate Judge William H. Baughman, Jr. for preparation of a report and recommendation. The Magistrate Judge issued his Report and Recommendation on August 2, 2005, recommending that Defendant's motion be denied because exigent circumstances justified the warrantless search of Defendant's brother Kenya Ponder's ("Kenya") home. That search uncovered the firearm which serves as the basis of the charge against Defendant. The Magistrate Judge concluded that Defendant had standing to challenge the warrantless search, but that the search was justified under an exception to the Fourth Amendment warrant requirement. Defendant filed Objections to the Report and Recommendation on August 15, 2005.

For the reasons discussed in the Report and Recommendation and in this Order, the court adopts the Magistrate Judge's Report and Recommendation and denies Defendant's Motion to Suppress.

**A. EXIGENT CIRCUMSTANCES: IMMEDIATE THREAT TO ARRESTING OFFICERS OR PUBLIC**

The court agrees with the Magistrate Judge's analysis and conclusion that the police had probable cause to arrest the Defendant on the front porch of Kenya Ponder's home. Under *United States v. Santana*, 427 U.S. 38 (1976), defendant was in a public place while in full public view on the front porch, and the warrantless arrest in a public place, supported by probable cause, was constitutionally valid. The police had information that Andre and Kenya had vandalized the vehicle of Willie Hines and threatened him with a gun, and that Hines heard shots after he had retreated into his home. Had Kenya remained on the front porch, without retreating into the house, the police would have also had probable cause to arrest him there without a warrant.

While validly arresting Andre on the porch, the police were faced with the fact that a second suspect, Kenya, whom they had probable cause to believe had a firearm, had retreated into the house. This posed an immediate threat to the safety of the officers. After the police had arrested Andre, there was still a potentially dangerous suspect inside the house with possible access to a firearm. This situation is unlike *Hayden*, *Morgan*, *Santana*, or *Haddix*. None of those cases involve officers who, while making a valid arrest in a public place, were confronted with a situation where someone retreated into the house under circumstances which posed a danger to their safety. The officers in this case could not immediately retreat to their cars to obtain a warrant because they were in the process of arresting the Defendant. Because of the immediate danger facing the officers, they were justified in entering the house without a warrant to locate Kenya and/or prevent him from

possibly obtaining a weapon. In the course of doing so, they found the firearms in question. The court concurs with Magistrate Judge Baughman's conclusion that the search for the firearms was constitutionally permissible since it was pursuant to exigent circumstances.

### B. CONCLUSION

Assuming that the police would not have had probable cause under these facts to arrest either brother without an arrest warrant if they had both been in the house when police arrived, the officers were nevertheless justified in seeking to protect themselves in the context of making a valid arrest of Andre on the porch, a public place. Accordingly, after careful review of the Report and Recommendation and all other relevant materials in the file, the court finds that the Magistrate Judge's conclusion is fully supported by the record and the controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 30), supplemented by the reasoning in this Order. The motion to suppress is denied.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

February 13, 2006